IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DEBRA DENISE BLACKWELL, | § § § | |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| | § § | Cause No. _____ |
| V. | § § | |
| CITY OF SUGAR LAND, TEXAS | § § | |

## ORIGINAL COMPLAINT

Plaintiff Debra Denise Blackwell, for her complaint against Defendants City of Sugar Land states as follows:

### INTRODUCTION

1. This is an action for money damages, pursuant to 42 U.S.C § 1983 and the Fifth and the Fourteenth Amendments to the United States Constitution and under the laws of the State of Texas, against the City of Sugar Land, Texas.

2. Plaintiff Debra Denise Blackwell ("Blackwell") alleges that Defendant City of Sugar Land, Texas ("Sugar Land") actively and wrongfully prevented her from leasing commercial space and opening and operating a legal business within the boundaries of Sugar Land. This despite the fact that several businesses of precisely the same type were already open and operating in Fort Bend County, Texas and neighboring Harris Country, Texas. The business Blackwell sought to open is a venue for playing poker wherein participants pay an entry fee and an hourly fee but the operator does not take a percentage of the monies used by players in the game, known as a "rake" of the pot. Texas law prohibits a person from receiving an economic benefit from the wagering, or raking the pot. Texas law does not, however, merely prohibit persons from playing poker for money. This is why private poker clubs, such as the several that

1

have opened in the Greater Houston area as well as in other Texas cities over the past few years, can operate legally in the State of Texas.

3. The only difference between the poker club Blackwell sought to open and those already operating in Fort Bend County, Texas is that Blackwell is an African-American woman, while the operators of the existing poker club are not. Upon information, Blackwell is the only person to have been prevented from opening a legal poker club.

4. The City of Sugar Land intentionally misconstrued Chapter 47 of the Texas Renal Code in order to 1) wrongfully deny Blackwell a zoning verification; and 2) wrongfully misinform prospective commercial lessors that the business activity in which Blackwell intended to engage at prospective sites was illegal, criminally illegal. In so doing, Sugar Land effectively prevented Blackwell from pursing a perfectly legal business opportunity while allowing others to engage in this same business activity completely unhindered, thus depriving Blackwell of her rights under the Fifth and Fourteenth Amendments to the Constitution of the United States as well as under Texas law.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to 42 U.S.C. §1983. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Texas law pursuant to 28 U.S.C. § 1367.

6. Venue lies in the United States District Court for the Southern District of Texas because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Fort Bend County, Texas 28 U.S.C. § 139(b)(2).

7. Divisional venue is in the Southern Divisions because the events leading to the claim for relief arose in Fort Bend County, Texas.

## PARTIES

8. Plaintiff Debra Denise Blackwell is an adult citizen and resident of Fort Bend County, Texas. She is employed by the federal government as a law enforcement officer.

9. Defendant City of Sugar Land is an incorporated city within the State of Texas and may be served with process by serving the Secretary of State of the State of Texas or by serving the City Manager, Allen Bogard, or the Mayor, Joe R. Zimmerman, at The City of Sugar Land, 2700 Town Center Blvd. North, Sugar Land, Texas 77479.

## BACKGROUND

10. In the latter part of 2016, Blackwell, a career federal law enforcement officer, decided to open her own business, a legal private proprietary poker club wherein members would pay a membership dues and would be entitled to use the premises and facilities. The membership, would be composed of people who would meet to play poker in a safe and legal environment. Under Blackwell's business plan, members could play poker for money but no member or proprietor would receive any economic benefit from poker wagers other than personal winnings.

11. Blackwell wanted to ensure that the business activity was legal sought but did not receive opinions from the Attorney General of the State of Texas and local governmental entities.

12. On May 7, 2017, Blackwell organized Siennapokerclub LLC, a Texas Limited Liability company through which Blackwell intended to operate her planned private poker club business.

13. On May 16, 2017, Blackwell wrote Sugar Land's Planning Director, Lisa Kochich-Meyer explaining the business she intended to open and asking for the Sugar Land Planning Department to determine in which zone her club could legally operate within the city.

14. On or about June 14, 2017, Blackwell and her attorney met with the Deputy District Attorney of Fort Bend County, Texas, Scott Carpenter. Carpenter expressed that the poker membership club Blackwell described would be operating within the law. He refused, however, to put this in writing.

15. Sugar Land's & Planning Department responded that there was no zoning district that allowed Blackwell's proposed use.

16. Sugar Land's City Attorney likewise took the erroneous position that Blackwell's proposed private members club for playing poker violated the Texas Penal Code, thus ensuring she would not receive a permit.

17. Further, Sugar Land erroneously informed a number of prospective landlords that Blackwell's proposed use of retail space was illegal, thus wrongfully depriving her of the ability to lease commercial space.

18. Sugar Land's wrongful actions denied her the ability to open and operate a lawful business enterprise.

19. Sugar Land's deprivation of Blackwell's rights has caused her actual damages of approximately $55,000 per month over the course of the past year. These damages continue to accrue into the foreseeable future.

20. Additionally, Sugar Land's actions have caused Blackwell to incur out-of-pocket damages in the approximate amount of $15,000.00

**FIRST CAUSE OF ACTION (42 U.S.C. § 1983: EQUAL PROTECTION)**

21. Plaintiff incorporates all preceding paragraphs as if fully restated here.

22. Sugar Land's conduct in denying Blackwell a zoning use permit while allowing the same use by others deprived Blackwell of her right to equal protection under the law guaranteed by the Fourteenth Amendment to the United States Constitution as well as under Texas law.

23. Sugar Land's conduct in advising, and effectively threatening, prospective landlords that Blackwell's proposed use likewise deprived Blackwell of her constitutional right to equal protection under the law.

### SECOND CAUSE OF ACTON (42 U.S.C. § 1983: DUE PROCESS)

24. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

25. Sugar Land deprived Blackwell of her right to due process under the Fifth Amendment to the United States Constitution as well as under Texas law. Sugar Land compounded its deprivation of Blackwell's right to due process by erroneously informing prospective landlords that Blackwell's proposed use of commercial space was illegal under Texas criminal law, thus making it impossible for Blackwell to secure a commercial lease to pursue a lawful business activity.

### DAMAGES

26. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

27. As a direct result of Sugar Land's deprivation of Blackwell's constitutional rights, Sugar Land, while acting under color of law, has caused Blackwell to incur actual damages to date in the approximate amount of $615,000.00.

## PRAYER

Blackwell prays that, upon trial by jury of this cause, she be awarded:

a) Compensatory damages in the minimum amount of $615,000.00;

b) Attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976;

c) Pre-and-post judgment in Texas as allowed by law; and

d) Such other and further relief as to which Plaintiff may show herself justly entitled;

JURY DEMANDED

Respectfully Submitted,

Paul I. Aronowitz
/s/ *Paul I. Aronowitz*
Law Office of Paul Aronowitz
SBN 01356850
5777 Sienna Parkway, Suite 300
Missouri City, TX 77459
Telephone: 281-222-5620
E-mail: paul@aronowitzlaw.com

6